# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51008
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNACIO SEDANO-VILLAFUERTE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1599-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Ignacio Sedano-Villafuerte pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He was sentenced, *inter alia*, to 48 months' imprisonment. The sentence was above the recommended imprisonment range under the advisory Sentencing Guidelines of 24 to 30 months, but the court concluded that range was inadequate in the light of Sedano's uncounted criminal history.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51008

Sedano contends his above-guideline sentence is substantively unreasonable and greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). He points out that all of his prior criminal convictions were remote in time and, for the most part, resulted in low sentences. He claims his criminal history was the product of many years of substance abuse, and, as pointed out at sentencing, he is no longer abusing drugs. Additionally, he had stayed out of the United States for nearly 15 years following his last removal.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As noted, procedural error is not claimed.

As stated above, if the sentence is procedurally sound, the court considers the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. Concerning the sentencing factors provided in the above-referenced § 3553(a), a non-guideline sentence will be found substantively unreasonable when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

With respect to the substantive reasonableness of the sentence, nothing in the record suggests the court did not account for a factor that should have

No. 15-51008

received significant weight, gave significant weight to an improper or irrelevant factor, or made a clear error of judgment in balancing the sentencing factors. *See id.* It found the guideline recommended sentence inadequate based on Sedano's extensive unscored criminal history. Our court previously held "[a] defendant's criminal history is one of the factors a court may consider in imposing a non-Guideline sentence". *Id.* at 709 (citation omitted). The district court further explained that a sentence outside of the Guidelines was warranted in this based on the statutory goals of § 3553(a), particularly, Sedano's personal history and characteristics, the need to provide just punishment for the offense, and the need to afford adequate deterrence to criminal conduct. *See* §§ 3553(a)(1), (a)(2)(A), (a)(2)(B).

AFFIRMED.